UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-P140-M

**EDWARD ISBELL**                                                                          **PLAINTIFF**

**v.**

**JACKIE STRODE** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Edward Isbell, filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff has sued Jackie Strode, Jailer of the Warren County Regional Jail, and Gayle Eston, Chief Deputy of the Warren County Regional Jail, in both their official and individual capacities. Plaintiff has also sued the Warren County Regional Jail. Plaintiff claims that Defendants violated his Eighth Amendment rights by forcing him to sleep on the floor without a mattress for 14 days and to sleep on the floor (presumably with a mattress) from May 7, 2007, through June 20, 2007.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A ; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint

in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.*" Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (citations omitted). "The Sixth Circuit has held that requiring prisoners to sleep on the floor without likewise depriving them of essential food, basic sanitation, or safe temperatures does not rise to the level of an Eighth Amendment violation." *Eddings v. Herrington*, 4:05CV-P138-M, 2005 U.S. Dist. LEXIS 29397 (W.D. Ky. Nov. 23, 2005) (citing *Brodak v. Nichols*, No 97-1688, 1998 U.S. App. LEXIS 20535 (6th Cir. Aug. 17, 1998)); *see also Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS 6545 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two week period.).

Here, Plaintiff does not allege that he was deprived of food, sanitation or safe temperatures, or

2

even that sleeping on the floor caused him to suffer a serious physical injury.  While Plaintiff no doubt experienced some discomfort, his allegations do not rise to the level of an Eighth Amendment violation.  Accordingly, the Court will dismiss his complaint for failure to state a claim.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:




cc:    Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4414.008